JOHN P. DORIGAN, Bar No. 98964
LAW OFFICES OF JOHN P. DORIGAN
82237 Odlum Street
Indio, CA 92201
Telephone: 760.342.8074
Facsimile: 760.347.1490

Attorneys for Plaintiff
KATHLEEN DORIGAN

KENNETH R. O'BRIEN, Bar No. 072128
E-mail: kobrien@littler.com
MATTHEW J. RUGGLES, Bar No. 173052
E-mail: mruggles@littler.com
LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way, Suite 390
Sacramento, CA 95833.4227
Telephone: 916.830.7200
Facsimile: 916.561.0828

DENISE M. VISCONTI, Bar No. 214168
E-mail: dvisconti@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendants
AMERICAN EAGLE AIRLINES, INC.,
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| KATHLEEN DORIGAN, | Case No. EDCV 07-555-VAP (JCRx) |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER As Modified |
| v. | Trial Date: August 19, 2008 |
| AMR CORPORATION, AMERICAN EAGLE AIRLINES, INC., AMERICAN AIRLINES, INC., | Complaint Filed: April 2, 2007 |
| Defendants. | |

Firmwide:84617924.1 009001.1306

07-555-VAP (JCRx)

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER THEREON

*[Handwritten annotation at top:]* All terms and conditions set forth below are expressly limited to the discovery phase of this litigation, and do not bind or limit the District Court as to what material is discoverable during the pre-trial and post-trial phases of this litigation.

Whereas, Plaintiff previously has propounded to Defendants American Eagle Airlines, Inc. and American Airlines, Inc. (collectively "Defendants") various discovery requests seeking documents and other information pertaining to Defendants' confidential commercial operations, trade secrets, and/or proprietary information, and;

Whereas, Defendants previously have timely objected to said discovery requests on numerous grounds, including but not limited to objections based on the fact that such discovery requests sought information protected from discovery by federal and state constitutional, statutory and/or common law rights of privacy;

Whereas the Parties have met and conferred and Defendants have agreed to produce to Plaintiff certain documents and other information pertaining to Defendants' decision to close or discontinue the operations of American Eagle Airlines, Inc. at the airport in Palm Springs, California, subject to limitations as to the disclosure and use of such information;

Therefore, the Parties hereby stipulate and agree to the following Protective Order:

1. Documents and other information produced to Plaintiff during the course of this litigation pertaining to Defendants' decision to close or discontinue the operations of American Eagle Airlines, Inc. at the airport in Palm Springs, California, may be designated as confidential prior to such production. Confidential information is information that has not been made public or is not otherwise available or accessible in the public domain.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover or first page of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

///

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:84617924.1 009001.1306    2.    07-555-VAP (JCRx)

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER THEREON

3.   Testimony taken at a deposition, conference, hearing or arbitration may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within ten (10) court days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

4.   Material designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.   Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to: the Court or other trier or determiner of fact; a mediator who has been mutually agreed upon by the parties; counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel); and the "qualified persons" designated below:

    a.   experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    b.   court reporter(s) employed in this action;

    c.   a witness at any deposition or other proceeding in this action; and

    d.   any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by counsel for the party disclosing such Confidential Material to the qualified person.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:84617924.1 009001.1306     3.     07-555-VAP (JCRx)
STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER THEREON

6.  Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 5.

7.  If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed with the Court, such papers shall be labeled "Confidential." Before the party may file any pleadings or papers containing, attaching, referring, or otherwise revealing any Confidential Material, the party must move for and obtain an order of the Court pursuant to Local Rule 79-5 for permission to file the pleadings under seal.

8.  In the event that any Confidential Material is used in any Court proceeding *during the discovery phase of this litigation* in this action, it shall not lose its confidential status through such use and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

9.  This Protective Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use should be restricted, or (b) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

10.  This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:84617924.1 009001.1306    4.    07-555-VAP (JCRx)
STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER THEREON

11. The terms and conditions of this Order shall apply retroactively to the time of commencement of this case in the Superior Court for the County of Riverside.

12. This Protective Order shall survive the final termination of these proceedings, to the extent that the information contained in Confidential Material is not or does not become known to the public. Upon termination of these proceedings, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof. The provisions of this paragraph shall not apply to any documents or exhibits filed with the Court.

13. This Order is subject to modification by stipulation or by further order of the Court.

IT IS SO STIPULATED.

Dated: April 2, 2008

JOHN P. DORIGAN
LAW OFFICES OF JOHN P. DORIGAN
Attorneys for Plaintiff
KATHLEEN DORIGAN

Dated: April 7, 2008

Kenneth R. O'Brien
Matthew J. Ruggles
Denise M. Visconti
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMERICAN EAGLE AIRLINES, INC.,
AMERICAN AIRLINES, INC.

IT IS SO ORDERED.

Dated: April 15, 2008

Hon. John Charles Rayburn Jr.
U.S. MAGISTRATE JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:84617924.1 009001.1306          5.          07-555-VAP (JCRx)

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER THEREON